464 So.2d 713 (1985)
Kenneth R. HATCH, Appellant,
v.
John F. DANCE, Appellee.
No. 84-1209.
District Court of Appeal of Florida, Fourth District.
March 13, 1985.
*714 Sandra A. Bosso of Brackett, Cook, Sned, Welch & Scott, West Palm Beach, for appellant.
William P. Jacobson of William P. Jacobson, P.A., West Palm Beach, for appellee.
PER CURIAM.
Defendant appeals the trial court's refusal to award attorney's fees. We reverse.
The parties entered into an agreement concerning the transfer of certain property. The agreement contained a clause which provided that, in the event any litigation should result from the transfer, the successful party would be entitled to attorney's fees.
Plaintiff did in fact sue defendant in connection with the transfer, but then voluntarily dismissed the complaint after limited pre-trial activity. Defendant then moved for attorney's fees pursuant to the agreement. The trial court denied the motion.
Preliminarily, we find incorrect plaintiff's contention that this court does not have jurisdiction over this appeal. An appellate court has the authority to award attorney's fees following a voluntary dismissal in those cases where such fees are authorized either by statute or by agreement of the parties. Campbell v. Maze, 339 So.2d 202 (Fla. 1976); Reineke v. McKinstry, 445 So.2d 361 (Fla. 4th DCA 1984). See also, Wiggins v. Wiggins, 446 So.2d 1078 (Fla. 1984).
The trial court refused to award attorney's fees on the grounds that the voluntary dismissal precluded the possibility of there being any successful party. However, it is well-established that statutory or contractual provisions providing for an award of attorney's fees to the prevailing party in a litigation encompass defendants in suits which have been voluntarily dismissed. See Galbraith v. Inglese, 402 So.2d 574 (Fla. 4th DCA 1981); Dolphin Towers Condominium Association v. Del Bene, 388 So.2d 1268 (Fla. 2d DCA 1980).
Therefore, we reverse and remand with instructions that appellant be awarded attorney's fees as provided by the parties' agreement.
DOWNEY, HURLEY and DELL, JJ., concur.