493 So.2d 1136 (1986)
STUART PLAZA, LTD., Appellant,
v.
ATLANTIC COAST DEVELOPMENT CORP. OF MARTIN COUNTY, Appellee.
No. 85-2237.
District Court of Appeal of Florida, Fourth District.
September 17, 1986.
Brian B. Joslyn of DeSantis, Cook, Gaskill & Silverman, P.A., North Palm Beach, for appellant.
Wesley R. Harvin of Harvin, Frasier, Geary & Mannikko, Stuart, for appellee.
DOWNEY, Judge.
Appellee, a tenant in property owned by appellant, sued appellant for damages and specific performance arising out of appellant's alleged unreasonable refusal to consent to appellee's assignment of the lease. On the day of trial appellee voluntarily dismissed its case without prejudice pursuant to Rule 1.420(a), Florida Rules of Civil Procedure. Appellant thereafter moved the court to tax attorney's fees and costs on the grounds that the lease between the parties provided for the recovery of attorney's fees by the prevailing party in any litigation arising out of the lease contract. The trial court awarded appellant its costs but denied an award of attorney's fees because it perceived that Rule 1.420(d) Florida Rules of Civil Procedure, did not include attorney's fees in an award of costs.
On appeal appellee seems to contend that the trial court was correct because the only fees which may be taxed pursuant to the rule in question upon a voluntary dismissal are fees provided for by statute. We hold this to be an incorrect understanding of the current status of the law on this question.
*1137 Initially, we point out that when a plaintiff takes a voluntary dismissal the defendant is the prevailing party. Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976); McKelvey v. Kismet, Inc., 430 So.2d 919 (Fla. 3d DCA 1983); Dolphin Towers Condominium Ass'n v. Del Bene, 388 So.2d 1268 (Fla. 2d DCA 1980).
Next, we hold that after a voluntary dismissal by plaintiff the trial court does have jurisdiction to award attorney's fees where the fees are authorized by statute or a contract between the parties. Hatch v. Dance, 464 So.2d 713 (Fla. 4th DCA 1985); Reineke v. McKinstry, 445 So.2d 361 (Fla. 4th DCA 1984); Giachetti v. Johnson, 308 So.2d 143 (Fla. 2d DCA 1975).
Accordingly, the order appealed from is reversed and the cause is remanded to the trial court with directions to determine reasonable attorney's fees to be awarded to appellant.
LETTS and WALDEN, JJ., concur.