509 So.2d 973 (1987)
Sheldon VIDIBOR d/b/a Eastern Shores Mobile Village, Appellant,
v.
Tom ADAMS, et al., Appellees.
No. 86-1692.
District Court of Appeal of Florida, Fifth District.
July 2, 1987.
*974 James N. Charles and Charles D. Hood, Jr., of Cobb & Cole, Daytona Beach, for appellant.
Christopher W. Wickersham, Sr. and John S. Norton, Jr., of Becks, Becks & Wickersham, Daytona Beach, for appellees.
SHARP, Judge.
Vidibor appeals from an order denying him attorney's fees from the tenants of mobile home lots in Eastern Shores Mobile Village after they voluntarily dismissed their suit against him. The tenants, appellees herein, filed a suit for declaratory relief on January 1, 1985, which challenged the legality of rent increases imposed by Vidibor since 1980. In 1986, the court dismissed some of the tenants on the ground they failed to respond to discovery sought by Vidibor. After Vidibor filed a motion to tax costs, the rest of the tenants took a voluntary dismissal, without prejudice. We reverse.
Pursuant to section 723.068, Florida Statutes (1985), attorney's fees are specifically available to "the prevailing party":
Except as provided in s. 723.037, in any proceeding between private parties to enforce provisions of this chapter, the pre vailing party is entitled to a reasonable attorney's fee.
Section 723.037(6) provides that upon proper request, a party shall not be entitled to attorney's fees if that party refuses to agree to mediate or arbitrate. But no contention is made in this case that anyone requested mediation or arbitration.
We think the language in section 723.068 is mandatory, and that if there is a "prevailing party," the court must award attorney's fees.[1] A party in the position of Vidibor "prevails" when plaintiffs who have brought suit under Chapter 723 voluntarily dismiss their suit against him, or are dismissed with prejudice.[2] We reject the view of our sister court in Simmons v. Schimmel, 476 So.2d 1342 (Fla. 3rd DCA 1985), review denied, 486 So.2d 597 (Fla. 1986), that a party taking a voluntary dismissal can do so for strategic reasons and thereby prevent the other party from being determined to be the "prevailing party." However, we hasten to note there is nothing in this record to support appellees' contention that they dismissed for "strategic" reasons.
We therefore reverse the appealed order and remand for a determination and award of a reasonable attorney's fee pursuant to section 723.068.
REVERSED AND REMANDED.
UPCHURCH, C.J. and COWART, J., concur.
NOTES
[1] Cf. § 713.29, Fla. Stat. (1985); Stuart Plaza, Ltd. v. Atlantic Coast Development Corp. of Martin County, 493 So.2d 1136 (Fla. 4th DCA 1986); Dolphin Towers Condo. Assoc. v. Del Bene, 388 So.2d 1268 (Fla. 2d DCA 1980); Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976).
[2] Hatch v. Dance, 464 So.2d 713 (Fla. 4th DCA 1985); Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976); cf. Dolphin Tower Condo Ass'n, Inc. v. Del Bene, 388 So.2d 1268 (Fla. 2d DCA 1980).