536 So.2d 1177 (1989)
Michael E. DAM, Appellant,
v.
HEART OF FLORIDA Hospital, Inc., a Florida Nonprofit Corporation, Mary T. Erde, Guillermo Allende, Robert E. Lee, Frank Thornton, Frank Snydle, and David Green, Sr., Appellees.
No. 88-172.
District Court of Appeal of Florida, Second District.
January 6, 1989.
Tucker H. Byrd of Winderweedle, Haines, Ward & Woodman, P.A., Orlando, for appellant.
Janet Adams and G. Bruce Hill of Adams, Hill, Fulford & Morgan, Orlando, for appellees Heart of Florida Hosp. Ass'n, Inc. and Mary T. Erde.
A. Thomas Mihok and Todd M. Hoepker of Dempsey & Goldsmith, P.A., Orlando, for appellee Robert E. Lee.
A.H. Lane and Thomas L. Clarke, Jr., of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellees Allende, Snydle, Thornton, and Green.
SCHEB, Acting Chief Judge.
Appellant, Michael E. Dam, M.D., argues that the trial court erred in requiring him to pay attorney's fees and court costs after he voluntarily dismissed his suit challenging suspension of his hospital staff privileges. We disagree.
Dam sued Appellees Heart of Florida Hospital, Inc., its administrator, and members of its executive committee and board *1178 of governors, claiming that his hospital staff privileges were wrongfully suspended. The court denied his request for a temporary injunction.
Appellees filed various pretrial motions along with a request that Dam post bond in an amount sufficient to pay attorney's fees and costs pursuant to section 395.0115(5)(b), Florida Statutes (1987). After a hearing on the motions and bond request but before the trial judge ruled, appellant voluntarily dismissed his suit. The dismissal was without prejudice. See Fla.R.Civ. P. 1.420(a)(1). The trial court awarded appellees attorney's fees and costs as authorized by section 395.0115(5)(a).
On appeal, Dam raises three issues concerning the trial court's award of attorney's fees and costs. We find none of his arguments meritorious, but we discuss briefly his contention that the trial court improperly determined that appellees were "prevailing defendants" as a matter of law.
In response to a perceived crisis in the delivery of medical services and the need for cost containment, the legislature amended section 395.0115 in 1985 as part of its overall reform of the medical malpractice statutes. See Ch. 85-175, Laws of Fla. The amended statute details a procedure for licensed health care facilities to follow when disciplining staff members for alleged misconduct. Subsection (2) grants the hospital, its medical staff, governing board, and other individuals immunity from monetary liability for their participation in internal disciplinary proceedings. Subsection 5(b) requires staff members who contest disciplinary actions to post a bond or other security, and subsection 5(a) awards attorney's fees and costs to "prevailing defendants." We think the statute, as amended, is preemptive of other means available to challenge disciplinary actions.
Dam argues that the trial court erred in finding that appellees were "prevailing parties" as a matter of law because the record does not establish that appellees would have prevailed on the merits. We disagree. The trial judge correctly relied on our opinions in Jackson v. Hatch, 288 So.2d 564 (Fla. 2d DCA 1974), and 51 Island Way Condominium Ass'n, Inc. v. Williams, 458 So.2d 364 (Fla. 2d DCA 1984), where we stated that attorney's fees can be awarded to a so-called "prevailing party" if authorized by statute, even where the case was not resolved on the merits and was instead voluntarily dismissed. We do not find persuasive Dam's argument that we should adopt the third district's contrary view. See Simmons v. Schimmel, 476 So.2d 1342 (Fla. 3d DCA 1985). See also Mekras v. Marlow, 519 So.2d 742 (Fla. 3d DCA 1988); Guerrero v. Fonte, 507 So.2d 620 (Fla. 3d DCA 1987); Englander v. St. Francis Hosp., Inc., 506 So.2d 422 (Fla. 3d DCA 1986).
AFFIRMED.
SCHOONOVER and FRANK, JJ., concur.