559 So.2d 611 (1990)
CENTURY CONSTRUCTION CORPORATION, Appellant,
v.
Linda KOSS, Appellee.
No. 89-1914.
District Court of Appeal of Florida, First District.
February 2, 1990.
On Motion for Rehearing May 1, 1990.
Sandra P. Stockwell of Broad and Cassel, Tallahassee, for appellant.
W. Bradley Munroe of Welch, Munroe & Whitlock, Tallahassee, for appellee.
NIMMONS, Judge.
Appellant, the defendant below, appeals from the trial court's refusal to award costs and attorney's fees to appellant after the entry of a stipulation of dismissal. We reverse.
Appellee's action against appellant arose out of a purchase and sale agreement entered into between the parties wherein the appellant was seller and appellee was buyer. The agreement provided for costs and attorney's fees to the prevailing party in the event of litigation. By written stipulation, the appellee voluntarily dismissed her complaint. The stipulation was silent as to any award of costs and fees, but specifically stated that the dismissal was pursuant to Florida Rule of Civil Procedure 1.420. The briefly worded stipulation provided:
Pursuant to Rule 1.420, Florida Rules of Civil Procedure, the parties agree to the voluntarily [sic] dismissal of the Plaintiff's Complaint and Defendant Charles A. White's Counterclaims without prejudice.
The stipulation was executed by counsel for the parties hereto as well as by counsel for codefendant, Charles A. White. Although White had filed a counterclaim against the appellee, the appellant had not joined in such counterclaim.[1]
Rule 1.420 provides in pertinent part:
(a) Voluntary Dismissal.
(1) By Parties. Except in actions in which property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of the court (i) before trial by serving ... a notice of dismissal ... or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.
* * * * * *
(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action.
In denying appellant's motion, the trial court found that the stipulation is akin to a settlement, and that the parties never discussed *612 the subject prior to entering into the stipulation.
The trial court erred in not awarding costs pursuant to Rule 1.420. Although the trial court found that appellee would clearly be the prevailing party had the dismissal been unilateral under Rule 1.420(a)(1)(i), the trial court indicated that appellant could not be deemed to have prevailed where the dismissal was via stipulation under Rule 1.420(a)(1)(ii). We find no support in the law for such distinction. Notwithstanding the perceived resemblance to a settlement, the stipulated dismissal entered into between the parties is specifically contemplated by Rule 1.420(a)(1)(ii), and Rule 1.420(d) requires that costs be assessed and judgment entered therefor "in any action dismissed under this rule[.]"
We also disagree with appellee's contention that even if an award of costs is required, such award may not include attorney's fees. It is well established that attorney's fees are properly awarded after a voluntary dismissal where such award is provided for by statute or agreement of the parties. Stuart Plaza, Ltd. v. Atlantic Coast Development Corp. of Martin County, 493 So.2d 1136 (Fla. 4th DCA 1986) (where contract between the parties provides for attorney's fee award to prevailing party, defendant was entitled to both attorney's fees and costs upon plaintiff's voluntary dismissal even though Rule 1.420(d) refers only to "costs"); Hatch v. Dance, 464 So.2d 713 (Fla. 4th DCA 1985) (statutory or contractual provisions for award of attorney's fees to prevailing party encompass defendants in suits voluntarily dismissed); Reineke v. McKinstry, 445 So.2d 361 (Fla. 4th DCA 1984) (attorney's fees recoverable following voluntary dismissal where authorized by statute or contract); Wiggins v. Wiggins, 446 So.2d 1078 (Fla. 1984) (where dissolution of marriage action is voluntarily dismissed by petitioner, trial court has jurisdiction to award statutory attorney's fees to the respondent).
Accordingly, we REVERSE and REMAND with directions to the trial court to determine reasonable costs and attorney's fees and enter a judgment awarding costs and fees to appellant.
SHIVERS, C.J., and SMITH, J., concur.

ON MOTION FOR REHEARING
NIMMONS, Judge.
In her motion for rehearing, appellee asserts that our opinion is in conflict with Makar v. Investors Real Estate Management, Inc., 553 So.2d 298 (Fla. 1st DCA 1989). We disagree. Makar holds that a fee statute which requires entry of a judgment cannot support an award of attorney's fees after a voluntary dismissal where no judgment is entered. In contrast, the contract provision at issue in the instant case does not require entry of a judgment as a condition to an award of attorney's fees.
Appellee also asserts that we overlooked Unicare Health Facilities, Inc. v. Mort, 553 So.2d 159 (Fla. 1989). Appellee's reliance upon Unicare for the principle that attorney's fees based on "prevailing party" statutes are only awardable where there is a prevailing party is puzzling because the Unicare court specifically stated that it declined to make any determination as to whether the party seeking fees in Unicare was a prevailing party.
In Unicare, the plaintiff sued Unicare on three different counts. One of the counts was brought under a statute which provided for an attorney's fee award for prevailing plaintiffs. Plaintiff accepted Unicare's offer of judgment for $40,000 plus costs, and six days later moved for a statutory award of attorney's fees. The Supreme Court held that acceptance of the offer of judgment without any mention of attorney's fees "effectively terminated the litigation and precluded plaintiff from moving for post-judgment statutory attorney's fees[.]" Id. at 161. This was because the acceptance of the offer of judgment was a settlement of all claims by the plaintiff. That holding (which is not mentioned in appellee's motion for rehearing) does not *613 affect the instant case which deals with voluntary dismissal. In our original opinion, we discussed and rejected the trial court's rationale that a stipulated voluntary dismissal is akin to a settlement and that costs and fees should therefore be denied because the subject was not discussed by the parties prior to entry into the stipulation.
The Supreme Court, having established that the plaintiff had waived his right to seek attorney's fees, declined to consider the second issue argued by the Unicare parties, which was whether the plaintiff was a "prevailing party" entitled to attorney's fees. And so Unicare did not determine that there was no prevailing party upon a voluntary dismissal  only that accepting the offer of judgment effectively terminated the litigation and precluded the plaintiff from moving for post-judgment statutory attorney's fees.
Accordingly, the cases cited by appellee are irrelevant to her assertion that appellant is not the prevailing party. Appellee's motion for rehearing having failed to demonstrate error in our original opinion, the motion is denied.
SHIVERS, C.J., and SMITH, J., concur.
NOTES
[1] We would also note that White did not move for an award of costs and attorney's fees and is not a party to this appeal.