PER CURIAM.
The petitioner purchaser of real estate seeks review of an order denying it an award of attorney’s fees under a contract provision which provides, “The prevailing party in any litigation between the parties shall be entitled to recover, as part of its judgment, reasonable attorney’s fees and costs.” (Emphasis added). The respondent seller had filed suit against buyer, but took a voluntary dismissal. Buyer’s previously-pled claim for attorney’s fees was denied, and buyer challenges that ruling here.
In denying attorney’s fees, the trial court reasoned by analogy to this court’s decision in O.A.G. Corp. v. Britamco Underwriters, Inc., 707 So.2d 785 (Fla. 3d DCA 1998). In that case, this court held that after a voluntary dismissal by an insurance company in a declaratory judgment action, the insured could not obtain an attorney’s fee award under a statute pi’oviding that “[u]pon the rendition of a judgment or decree .by any of the courts of this state against an insurer and in favor of any named ... insured ... the trial *886 court ... shall adjudge ... against the insurer ... a reasonable sum as fees ... for the insured’s ... attorney prosecuting the suit in which the recovery is had.” § 627.428(1), Fla. Stat. (1997); see O.A.G., 707 So.2d at 786. This court reasoned that since there was a voluntary dismissal without prejudice, there was neither a judgment in favor of the insured nor the functional equivalent. See O.A.G., 707 So.2d at 787. Because of the similarity of the contract language in this case and the operative statutory language in O.AG., the trial court applied O.AG. by analogy and denied attorney’s fees. We agree with Judge Levine and deny certiorari.
Certiorari denied.