803 So.2d 835 (2001)
Gerald T. PRESCOTT, as Trustee of the Gerald T. Prescott Revocable Inter Vivos Trust u/a/d 10/9/95, and Mary Lou Prescott, as Trustee of the Mary Lou Prescott Revocable Inter Vivos Trust u/a/d 10/9/95, Appellants,
v.
John J. ANTHONY, Appellee.
No. 2D00-4700.
District Court of Appeal of Florida, Second District.
December 28, 2001.
*836 Aubrey O. Dicus, Jr., and Ka'lmi Lani Jones, St. Petersburg, for Appellants.
Eddy R. Resnick, Tampa, for Appellee.
SALCINES, Judge.
Gerald T. Prescott, as Trustee of the Gerald T. Prescott Revocable Inter Vivos Trust u/a/d 10/9/95, and Mary Lou Prescott, as Trustee of the Mary Lou Prescott Revocable Inter Vivos Trust u/a/d 10/9/95 ("the Prescotts"), appeal the trial court's order denying their motion for attorneys' fees. The Prescotts, who were the defendants below, sought fees and costs from the plaintiff, John J. Anthony, after he voluntarily dismissed his specific performance complaint and released his notice of lis pendens. We reverse because the Prescotts were prevailing parties who had timely raised their entitlement to contractual attorneys' fees.
In December 1999, FlightSim Systems International, Inc., entered into a contract to purchase residential real property from the Prescotts. FlightSim thereafter assigned its interest in the contract to Anthony. When the Prescotts refused to close on the contract, Anthony filed an action for specific performance of the contract in early January 2000. Anthony also filed a lis pendens.
The Prescotts filed a motion to dismiss the complaint. When the trial court denied that motion in mid-March, the parties agreed that the Prescotts could defer answering the complaint while the parties attempted to settle the lawsuit. While the parties were still negotiating and without prior notice to the Prescotts, Anthony voluntarily dismissed his complaint without prejudice in early May and released the lis pendens.
Within thirty days of the voluntary dismissal and release, the Prescotts filed a motion for attorneys' fees and costs. The motion was based on the following clause in the real estate contract:
R. ATTORNEY'S FEES; COSTS: In any litigation, including breach, enforcement, or interpretation, arising out of this Contract, the prevailing party in such litigation shall be entitled to recover from the non-prevailing party reasonable attorney's fees, costs and expenses.
The trial court denied this motion because it concluded that the filing of the voluntary dismissal without prejudice did not end possible litigation. Thus, it concluded that the Prescotts were not prevailing parties. The trial court relied primarily upon MX Investments, Inc. v. Crawford, 700 So.2d 640 (Fla.1997).
We conclude that the trial court erred by relying upon MX Investments in a context not involving an offer of judgment. In MX Investments, the supreme court held that the language of the offer of judgment statute, section 768.79, Florida Statutes (1991), does not support an award of attorneys' fees unless the case is dismissed with prejudice. MX Investments simply did not address entitlement to attorneys' fees under a contract or under other statutory provisions.
The general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party. See Thornber v. City of Fort Walton Beach, 568 So.2d 914, 919 (Fla.1990); Landry v. Countrywide Home Loans, Inc., 731 So.2d 137, 139 (Fla. 1st DCA 1999). When attorneys' fees are provided for by statute or *837 agreement of the parties, such fees are properly awarded after a voluntary dismissal. See Landry, 731 So.2d at 139; Stuart Plaza, Ltd. v. Atl. Coast Dev. Corp., 493 So.2d 1136 (Fla. 4th DCA 1986). Applying this general rule to the attorneys' fee provision in this case, the Prescotts are entitled to attorneys' fees if they have properly pleaded their entitlement.
The fact that the Prescotts had not filed an answer raising their entitlement to fees does not bar their claim for fees in this case. Typically, a claim for attorneys' fees must be pleaded. Stockman v. Downs, 573 So.2d 835 (Fla.1991). However, Stockman recognized an exception to this rule where a party has notice that an opponent claims entitlement to attorneys' fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement. This court held in Bruce v. Barcomb, 675 So.2d 219 (Fla. 2d DCA 1996), that when a voluntary dismissal is filed prior to the defendant's answer, the defendant is still entitled to raise the issue of fees by motion. The supreme court approved Bruce in Green v. Sun Harbor Homeowners' Ass'n, 730 So.2d 1261 (Fla.1998). Accordingly, the Prescotts' timely motion has preserved their claim for contractual attorneys' fees.
We reverse the trial court's order denying the Prescotts' motion for attorneys' fees and costs and remand for further proceedings. The trial court shall determine the amount of attorneys' fees and costs that shall be awarded to the Prescotts.
Reversed and remanded.
ALTENBERND and FULMER, JJ., concur.