824 So.2d 1026 (2002)
AJAX PAVING INDUSTRIES, INC., Appellant,
v.
The HARDAWAY COMPANY, Appellee.
No. 2D01-4362.
District Court of Appeal of Florida, Second District.
August 30, 2002.
*1027 Stuart Jay Levine and Joseph F. Summonte, Jr., of Walters Levine Brown Klingensmith & Thomison, P.A., Sarasota, for Appellant.
Leo H. Meirose, Jr., of Meirose & Friscia, P.A., Tampa, for Appellee.
COVINGTON, Judge.
The appellant, Ajax Paving Industries, Inc. (Ajax), challenges an order denying its motion for prevailing party attorney's fees. Ajax requested such fees after the appellee, The Hardaway Company (Hardaway), voluntarily dismissed its third-party indemnity action against Ajax. We reverse.
According to the third-party complaint, Hardaway, a large-scale industrial contractor, entered into an agreement with Lee County in May 1995 "to construct a bridge and related access roadway extensions in Lee County." In September 1995, Hardaway entered into a subcontract with Ajax to pave the aforementioned "roadways and roadway extensions ... with asphalt." Pursuant to the subcontract:
[Ajax agreed] to indemnify, defend and hold [Hardaway] harmless ... from any and all claims, liabilities, costs, expenses, and losses, including, without limitation, reasonable attorneys' fees, of every nature whatsoever ... arising out of, or in any way connected, with the performance of th[e] Subcontract, regardless of whether or not such claims, liabilities, costs, expenses, or losses shall be attributable, in part, to any act or failure to act on the part of [Hardaway].
In September 1999, Astrid and Nils Lovdal sued Hardaway, Kisinger-Campo & Associates, and Lee County for damages.[1] The lawsuit arose from personal injuries Astrid Lovdal suffered when she was allegedly thrown from her bicycle while riding across one of the roadways constructed by Hardaway. Ajax was not named as a defendant in the Lovdals' suit.
In May 2000, Hardaway filed the instant third-party action against Ajax pursuant to the indemnity provision of the subcontract. In addition to contractual indemnity, Hardaway also alleged causes of action against Ajax for common law indemnity and contribution, in the event the Lovdals prevailed against Hardaway in their negligence action. Hardaway claimed that any negligence that might be found to have caused Astrid Lovdal's injuries would be necessarily attributable to Ajax. For that reason, Hardaway demanded a judgment requiring Ajax to defend and indemnify it for any damages awarded to the Lovdals. Hardaway also sought an award for pre-judgment interest, costs, and reasonable attorney's fees against Ajax.
In February 2001, Ajax filed a written motion to dismiss Hardaway's third-party complaint for failure to state a cause of action. After a hearing in March 2001, the trial court "upon stipulation of counsel" entered a written order granting Ajax's motion to dismiss without prejudice. The *1028 order gave Hardaway until April 3, 2001, to file an amended third-party complaint.
On April 4, 2001, Hardaway voluntarily dismissed its suit against Ajax without prejudice. On April 19, 2001, Ajax filed a motion for prevailing party attorney's fees and costs pursuant to the fee provision of the subcontract. Ajax also sought attorney's fees under section 57.105(1)(a), Florida Statutes (2001), which provides for prevailing party fees when the losing party either knew or should have known prior to trial that its claims were not supported by material facts necessary to establish such claims.
At the August 20, 2001, hearing on Ajax's motion, Ajax focused primarily on its entitlement to prevailing party fees under the fee provision of the subcontract. Ajax acknowledged that the subject provision stated that only Hardaway would be entitled to fees for any dispute arising under the subcontract. It was Ajax's contention, however, that unilateral provisions of that nature were rendered bilateral pursuant to the reciprocity mandate of section 57.105(5).
Thereafter, the trial court informed the parties by a letter dated August 23, 2001, that it intended to deny Ajax's request for fees. The trial court explained, essentially, that the wording of the fee provision of the subcontract "limited [the] nature of the award." The trial court acknowledged that section 57.105(5) calls for reciprocity of such fee provisions. It concluded, however, that Hardaway's voluntary dismissal did not trigger the fee provision of the subcontract because the old version of section 57.105 governed these circumstances. The trial court went on to state, presumably with regard to Ajax's claim for fees under section 57.105(1)(a), that it could not otherwise say there was no basis for Hardaway's claim. A written order denying Ajax's request for prevailing party attorney's fees was entered accordingly.
On appeal, Ajax contends the trial court erred in denying its request for prevailing party fees. Ajax argues it was entitled to such fees pursuant to the fee provision of the subcontract and the reciprocity mandate of section 57.105(5).
The provision of the subcontract at issue here specifies that only Hardaway shall be entitled to fees for disputes arising from the parties' agreement. Section 57.105(5), however, mandates that contractual fee provisions must impose reciprocal obligations and benefits on all parties to a given contract. See Jakobi v. Kings Creek Vill. Townhouse Ass'n, 665 So.2d 325, 326 (Fla. 3d DCA 1995) (addressing section 57.105(2), which ultimately became section 57.105(5) pursuant to ch. 99-225, § 4, at 984, Laws of Fla.); see also Landry v. Countrywide Home Loans, Inc., 731 So.2d 137, 139 (Fla. 1st DCA 1999) (addressing section 57.105(2)); Holiday Square Owners Ass'n v. Tsetsenis, 820 So.2d 450, 453-54 (Fla. 5th DCA 2002) (addressing section 57.105(5)). Section 57.105(5) expressly provides, as did its predecessor section 57.105(2), that it applies to all contracts entered into on or after October 1, 1988.
Hardaway does not dispute that section 57.105(5) renders the fee provision of the instant 1995 subcontract applicable to Ajax. It argues, however, that Ajax is not entitled to prevailing party fees because a judgment on the merits was not entered in favor of Ajax. Hardaway relies on Sal's Abatement Corp. v. Sid Harvey Industries, Inc., 718 So.2d 885 (Fla. 3d DCA 1998), and O.A.G. Corp. v. Britamco Underwriters, Inc., 707 So.2d 785 (Fla. 3d DCA 1998), in support of its argument. Those cases, however, are distinguishable from the instant case. The contractual fee provision in Sal's and the statutory fee provision in O.A.G., each specified and/or *1029 contemplated the entry of a judgment prior to an award of prevailing party attorney's fees. See Sal's, 718 So.2d at 885-86; O.A.G., 707 So.2d at 786. The contract provision here does not. We therefore conclude that the general law regarding prevailing party fees upon a voluntary dismissal applies here.
Generally, when a plaintiff voluntarily dismisses an action, the defendant is deemed the prevailing party for purposes of attorney's fees. Thornber v. City of Ft. Walton Beach, 568 So.2d 914, 919 (Fla. 1990); see also Prescott v. Anthony, 803 So.2d 835, 836-37 (Fla. 2d DCA 2001); Dam v. Heart of Fla. Hosp., Inc., 536 So.2d 1177, 1178 (Fla. 2d DCA 1989); Landry, 731 So.2d at 139-40; Oakwood Plaza, L.P. v. D.O.C. Optics Corp., 708 So.2d 959, 960 (Fla. 4th DCA 1998). This is true despite the fact the case has not been resolved on the merits. Thornber, 568 So.2d at 919; Dam, 536 So.2d at 1178 (involving award of statutory fees to defendant after plaintiff voluntarily dismissed action without prejudice). Thus, prevailing party attorney's fees will be awarded upon the voluntary dismissal of an action so long as there is either a contractual or statutory basis for doing so and the request for fees has been properly pleaded. See, e.g., Prescott, 803 So.2d at 836-37 (citing Landry, 731 So.2d at 139-40). When a case has been voluntarily dismissed before the defendant has filed a responsive pleading, a request for fees is deemed properly pleaded if it was either asserted in a motion to dismiss or in a separate motion filed within thirty days of the dismissal of the action. Green v. Sun Harbor Homeowners' Ass'n, 730 So.2d 1261, 1263 (Fla.1998); Landry, 731 So.2d at 140.
The record before us reveals that, under the circumstances herein, Ajax's request for prevailing party fees was timely and properly asserted. The record further shows that there was a contractual basis for those fees. Though the contract provision at issue referenced Hardaway only, it reciprocally applied to Ajax pursuant to section 57.105(5). Thus, since there was no showing that Hardaway intended to and/or had yet any basis for refiling its action against Ajax, see Landry, 731 So.2d at 140-41, we conclude that Ajax was entitled to prevailing party attorney's fees in this instance. This cause is therefore reversed and remanded for proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND and FULMER, JJ., concur.
NOTES
[1] Kisinger-Campo & Associates and Lee County are not parties to the instant appeal.