870 So.2d 953 (2004)
Carole RUSHING, Appellant,
v.
CARIBBEAN FOOD PRODUCTS, Appellee.
No. 1D03-3598.
District Court of Appeal of Florida, First District.
April 26, 2004.
*954 Michael Bowlus and Stacie L.C. McElroy; Ford, Jeter, Bowlus, Duss, Morgan, Kenney & Safer, P.A., Jacksonville, for Appellant.
William A. Bald, Jacksonville, for Appellee.
HAWKES, J.
Carol Rushing appeals the trial court's final order finding Caribbean Food Products, Inc., to be the prevailing party, and granting prevailing party attorney's fees and costs, following Rushing's voluntary dismissal of her third-party complaint. We affirm.
Rushing filed a third-party complaint seeking indemnity and the costs of defense from Caribbean, pursuant to an indemnity provision of a lease between the parties. Subsequently, Rushing voluntarily dismissed her complaint, pursuant to Florida Rule of Civil Procedure 1.420, without recovering anything from Caribbean. Following Appellant's voluntary dismissal of her complaint, Caribbean filed a motion for attorney's fees and costs pursuant to the prevailing party provision of the parties' lease. A hearing was held. After receiving evidence and hearing arguments of counsel, the trial court concluded Caribbean was the prevailing party for purposes of the lease's prevailing party attorney's fee provision, because Rushing voluntarily dismissed her claim.
A trial court's ruling on a motion for attorney's fees following a voluntary dismissal is reviewed for abuse of discretion. See Landry v. Countrywide Home Loans, Inc., 731 So.2d 137, 141 (Fla. 1st DCA 1999). The general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party for *955 purposes of a prevailing party attorney's fee award. See e.g., id. at 139; Thornber v. City of Ft. Walton Beach, 568 So.2d 914 (Fla.1990). "[A]ttorney's fees are properly awarded after a voluntary dismissal where such an award is provided for by statute or agreement of the parties." Century Constr. Corp. v. Koss, 559 So.2d 611, 612 (Fla. 1st DCA), rev. den., 574 So.2d 141 (Fla.1990). A voluntary dismissal as contemplated by Rule 1.420 requires costs to be assessed and judgment entered therefor "in any action dismissed under this rule[.]" See id. Costs include attorney's fees when provided by statute or agreement between the parties. See id.
Here, it is uncontested that Rushing voluntarily dismissed her third-party complaint pursuant to Rule 1.420. The record indicates the trial court expressly considered and properly rejected Appellant's arguments for denying Caribbean prevailing party status. Similarly, the trial court expressly considered and properly rejected Appellant's public policy argument that a party's motivation for voluntary dismissal should be considered before the dismissed party can be considered the "prevailing" party, and attorney's fees awarded. The trial court did not abuse its discretion by finding Caribbean the prevailing party and awarding attorney's fees under the relevant lease provision.
AFFIRMED.
BOOTH and POLSTON, JJ., concur.