943 So.2d 316 (2006)
ALHAMBRA HOMEOWNERS ASSOCIATION, INC., a Florida not-for-profit corporation, Appellant,
v.
Adnan ASAD, Wafa Asad, Issa Asad, and Noha Asad, Appellees.
No. 4D06-835.
District Court of Appeal of Florida, Fourth District.
December 13, 2006.
Lawrence D. Bache of Law Office of Lawrence D. Bache, Pembroke Pines, for appellant.
Roger G. Pickles of Law Office of Robert P. Kelly, Hollywood, for appellees.
GROSS, J.
In this case we hold that a defendant is entitled to recover attorney's fees under a statute awarding fees to the prevailing party in litigation after the plaintiff took a voluntary dismissal without prejudice. We apply the general rule even though the plaintiff subsequently refiled the identical lawsuit and ultimately prevailed.
On April 13, 2005, Alhambra Home-owners Association filed a complaint for injunctive relief and damages against appellees, Adnan, Wafa, Issa, and Noha Asad, the fee simple owners of real property subject to a declaration of covenants and restrictions for the Alhambra residential community. The complaint alleged that the Asads violated the declaration by painting their home a color not approved by the Association.
As a defense, the Asads contended that the Association had not complied with a condition precedent to bringing suit, in that it failed to notify the Florida Department of Business Regulation and request mandatory mediation before filing suit, in violation of section 720.311, Florida Statutes (2004).[1] In its reply, the Association alleged that section 720.311 was not applicable.
On May 18, 2005, the Asads moved for summary judgment based on the Association's *318 failure to comply with section 720.311. Two days before the motion hearing, on July 8, 2005, the Association filed a notice of voluntary dismissal without prejudice. After filing the dismissal, the Association paid the costs mandated under Florida Rule of Civil Procedure 1.420(d).
The parties attended mediation in September, 2005, which was unsuccessful. The Association refiled the complaint. Ultimately, the Asads acceded to the demands of the Association by paying $1,000 in fines and repainting their home.
In the dismissed action, the Asads moved for attorney's fees under section 720.305(1), Florida Statutes (2004), which provides that the "prevailing party" in litigation between the association and a member "is entitled to recover reasonable attorney's fees and costs." The trial court ruled that the Asads were "entitled to reasonable attorney's fees as prevailing parties" and entered a judgment for $8,146.
The issue in this case is whether the Asads were "prevailing parties" under section 720.305(1).
The general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the "prevailing party" within the meaning of statutory or contractual provisions awarding attorney's fees to the "prevailing party" in litigation. See Griffin v. Berkley S. Condo. Ass'n, 661 So.2d 135 (Fla. 4th DCA 1995) (applying prevailing party provision in condominium statute, section 718.303, Florida Statutes (1993)); Hatch v. Dance, 464 So.2d 713, 714 (Fla. 4th DCA 1985) (in a case where plaintiff voluntarily dismissed "after limited pre-trial activity," court held that "it is well-established that statutory or contractual provisions providing for an award of attorney's fees to the prevailing party in a litigation encompasses defendants in suits which have been voluntarily dismissed"); Stuart Plaza, Ltd. v. Atl. Coast Dev. Corp. of Martin County, 493 So.2d 1136, 1137 (Fla. 4th DCA 1986) (involving prevailing party attorney's fee provision in a lease); Boca Airport, Inc. v. Roll-N-Roaster of Boca, Inc., 690 So.2d 640, 641 (Fla. 4th DCA 1997) (applying attorney's fee provision of mechanics' lien statute and recognizing that Stuart Plaza "stated the correct rule"); Lion Oil Co. v. Tamarac Lakes, Inc., 232 So.2d 20 (Fla. 4th DCA 1970) (applying mechanic's lien statute); Vidibor v. Adams, 509 So.2d 973 (Fla. 5th DCA 1987) (involving section 723.068, Florida Statutes (1985)); Century Constr. Corp. v. Koss, 559 So.2d 611 (Fla. 1st DCA 1990) (involving contractual provision); Landry v. Countrywide Home Loans, Inc., 731 So.2d 137 (Fla. 1st DCA 1999) (attorney's fee provision on mortgage note); Ajax Paving Indus., Inc. v. Hardaway Co., 824 So.2d 1026, 1029 (Fla. 2d DCA 2002) (contractual provision); Rushing v. Caribbean Food Prods., 870 So.2d 953 (Fla. 1st DCA 2004) (lease provision).
Factually, the closest case to this one is Dolphin Towers Condominium Ass'n, Inc. v. Del Bene, 388 So.2d 1268 (Fla. 2d DCA 1980). There, a unit owner sued a condominium association seeking to compel the association to remove a trellis and trees from a recreation area of the condominium. The association raised the affirmative defense of failure to join the owner of the trellis and trees as an indispensable party. Id. at 1269. The unit owners took a voluntary dismissal; they later refiled the identical action, except that the owners of the improvements were added as party defendants. Id.
The second district held that the association was the prevailing party in the first action within the meaning of section 718.303(1), Florida Statutes (1979), a statute *319 containing "prevailing party" language similar to section 720.305(1). The court rejected the argument that the filing of the second lawsuit negated the association's right to recover fees for the first suit, observing that the "association incurred attorney's fees in asserting what proved to be a meritorious affirmative defense." Id. The court reasoned that "the legislature must have had this situation in mind, as well as those in which a defendant might prevail on the merits, when it provided for the allowance of attorney fees to the prevailing party." Id. This court has cited Dolphin Towers with approval. See Hills of Inverrary Condos., Inc. v. Slachter, 444 So.2d 1132 (Fla. 4th DCA 1984).
Applying the general rule consistent with Dolphin Towers, we conclude that the Asads were the prevailing parties in the first suit. They correctly asserted the defense of failure of a condition precedent. In the face of a likely adverse ruling on the Asads' motion for summary judgment, the Association opted for a voluntary dismissal without prejudice. The refiling of the same suit after mediation does not alter the Asads' right to recover prevailing party attorney's fees incurred in defense of the first suit.
The Association relies upon language in Thornber v. City of Fort Walton Beach, 568 So.2d 914, 919 (Fla.1990), to avoid the application of the general rule. The issue in Thornber was whether certain defendants were the prevailing parties in a federal civil rights suit after the plaintiff voluntarily dismissed the action with prejudice. Holding that the defendants were prevailing parties entitled to statutory attorney's fees, the supreme court wrote:
We agree with the district court that the council members prevailed in this action. In general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party. Stuart Plaza, Ltd. v. Atlantic Coast Development Corp., 493 So.2d 1136 (Fla. 4th DCA 1986). A determination on the merits is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the prevailing party. Metropolitan Dade County v. Evans, 474 So.2d 392 (Fla. 3d DCA 1985); State Department of Health & Rehabilitative Services v. Hall, 409 So.2d 193 (Fla. 3d DCA 1982). There must be some end to the litigation on the merits so that the court can determine whether the party requesting fees has prevailed. Simmons v. Schimmel, 476 So.2d 1342 (Fla. 3d DCA 1985), rev. den., 486 So.2d 597 (Fla.1986). Ray [the plaintiff] dismissed the council members in both their official and individual capacities with prejudice, thus signalling an end to the litigation.
Id. On the one hand, the supreme court in Thornber referred to the general rule stated in Stuart Plaza, where a "determination on the merits" is not a prerequisite to an award of prevailing party attorney's fees under a statute or contract. On the other hand, the supreme court indicated that "[t]here must be some end to the litigation on the merits so that the court can determine whether the party requesting fees has prevailed." (Emphasis added). We read such language not as a negation of the general rule stated in the preceding sentence, but as a reference to the facts of Thornber, where a plaintiff voluntarily dismissed an action with prejudice.
Cases after Thornber have cited it as supporting the general rule, which does not require a merits determination as a precondition to prevailing party attorney's fees. These cases have treated a voluntary dismissal without prejudice as the bright line "end to litigation" mentioned by the supreme court. Thus, in Boca Airport, *320 we affirmed an award of prevailing party attorney's fees after a voluntary dismissal, observing that "[i]t is clear since Thornber that Stuart Plaza . . . state[s] the correct rule." 690 So.2d at 641. Rushing affirmed a fee award after a voluntary dismissal, holding that costs contemplated under Florida Rule of Civil Procedure 1.420(d) "include attorney's fees when provided by statute or agreement." 870 So.2d at 955. Relying on Thornber, the second district reversed an order denying defendants any attorney's fees after a plaintiff voluntarily dismissed a specific performance action without prejudice. See Prescott v. Anthony, 803 So.2d 835, 836-37 (Fla. 2d DCA 2001); see also Ajax Paving, 824 So.2d at 1029.
These post-Thornber district court of appeal cases find support in Caufield v. Cantele, 837 So.2d 371 (Fla.2002). The issue in Caufield was the defendants' entitlement to attorney's fees after the plaintiffs voluntarily dismissed their complaint. From the opinion, it appears that the plaintiffs dismissed their action without prejudice; they had not previously dismissed the complaint and the opinion does not indicate the dismissal stated that it was with prejudice. Id. at 373; see Fla. R. Civ. P. 1.420(a)(1)(providing that "[u]nless otherwise stated in the notice or stipulation, the dismissal is without prejudice," except that the notice "operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim"). The supreme court remanded the case for a determination of attorney's fees, lending tacit support to the idea that such fees are recoverable in the absence of a merits determination, after a voluntary dismissal without prejudice. 837 So.2d at 379-80.
In Padow v. Knollwood Club Ass'n, Inc., 839 So.2d 744, 745-46 (Fla. 4th DCA 2003), this court relied on Thornber to identify an exception to the general rule entitling a defendant to attorney's fees under a prevailing party statute or contract provision, after a plaintiff's voluntary dismissal of an action. We looked behind a plaintiff's voluntary dismissal to find that the Padow defendant was not a prevailing party entitled to fees, because prior to the dismissal the defendant had "paid the substantial part of the association's claim for delinquent assessments." Id. at 746. The Padow exception to the general rule does not apply in this case; the Asads did not cave in to the Association's demands prior to the voluntary dismissal.
The Association also relies upon Simmons v. Schimmel, 476 So.2d 1342 (Fla. 3d DCA 1985)[2]. There, the plaintiff filed a medical malpractice case against multiple defendants, including a defendant doctor. Before empaneling a jury, the plaintiff voluntarily dismissed all defendants except the hospital. Id. at 1343. The defendant doctor moved for attorney's fees under section 768.56, Florida Statutes (1981), which entitled the "prevailing party" to fees. Id. at 1344. The third district reversed an award of fees, finding that the defendant doctor was not a "prevailing party" within the meaning of the statute. Id. The court reasoned that for there to be *321 a "prevailing party" in litigation there had to "be some end or finality to the litigation on the merits" so that a "court can determine whether the party requesting fees has prevailed." Id. at 1344-45. Reviewing the record, the third district found that there was "no basis to conclude that the [defendant doctor was] the prevailing party." Id. at 1345. To justify that conclusion, the court pointed to (1) an affidavit of the plaintiff's expert finding the defendant doctor to be negligent and (2) the plaintiff's argument that the "voluntary dismissal was not related to the merits of the case, but rather was a strategic move to avoid jury confusion." Id.
The Simmons approach requires a trial court in all cases to look behind a voluntary dismissal to decide whether the dismissal represents "an end or finality to the litigation on the merits." Both the second and fifth districts have rejected the Simmons approach to prevailing party attorney's fee statutes. See Dam v. Heart of Fla. Hosp., Inc., 536 So.2d 1177 (Fla. 2d DCA 1989); Vidibor v. Adams, 509 So.2d 973 (Fla. 5th DCA 1987).
Dam involved a plaintiff doctor who brought suit against a hospital which suspended his staff privileges. The plaintiff voluntarily dismissed his suit without prejudice. The hospital and the other defendants then moved for attorney's fees under section 395.0115(5)(a), Florida Statutes (1987), which awarded attorney's fees and costs to "prevailing defendants." 536 So.2d at 1178. The second district affirmed an award of attorney's fees to the defendants and rejected the plaintiff doctor's argument that the record did "not establish that [the defendants] would have prevailed on the merits." Id. The court did not "find persuasive" the argument that it "should adopt the third district's contrary view" in Simmons. Id.
Similarly, in Vidibor, the fifth district confronted a plaintiff who took a voluntary dismissal without prejudice. The defendant sought attorney's fees under a "prevailing party" attorney's fee statute. 509 So.2d at 974. The fifth district reversed an order denying fees, explicitly rejecting "the view of our sister court in Simmons." Id.
As did the second and fifth districts, we too reject the Simmons approach. Instead of a bright line general rule to control the award of attorney's fees after a voluntary dismissal, the Simmons approach would engender more litigation after a voluntary dismissal directed at whether a defendant requesting fees has, in fact, prevailed. Such a soft standard would yield inconsistent results, foment litigation, and create an intensely fact-based jurisprudence that would be difficult to apply.
For these reasons, we affirm the final judgment awarding attorney's fees and certify conflict with Simmons v. Schimmel, 476 So.2d 1342 (Fla. 3d DCA 1985).
HAZOURI, J., and MAASS, ELIZABETH T., Associate Judge, concur.
NOTES
[1] Section 720.311(2)(a), Florida Statutes (2004) provides that "[d]isputes between an association and a parcel owner regarding use of or changes to the parcel . . . and other covenant enforcement disputes . . . shall be filed with the department [of Business and Professional Regulation] for mandatory mediation before the dispute is filed in court." (Emphasis added).
[2] The Association also cites to O.A.G. Corp. v. Britamco Underwriters, Inc., 707 So.2d 785 (Fla. 3d DCA 1998). That case is distinguishable from this one based on the wording of the attorney's fee statutes involved. Section 627.428(1), Florida Statutes (1995), at issue in Britamco, provided for prevailing party attorney's fees "[u]pon the rendition of a judgment or decree." Id. at 786. The statute here at issue provides for an award of fees to the "prevailing party" in "litigation." § 720.305(1), Fla. Stat. (2005). Unlike Britamco, this case does not involve a statute that conditions fees upon the entry of a judgment or decree, a conclusion to a case different from a voluntary dismissal.