# Third District Court of Appeal

## State of Florida

Opinion filed March 2, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2338
Lower Tribunal No. 08-70943
_____

**Barry Yampol,**
Appellant,

vs.

**Schindler Elevator Corporation, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Ronald C. Dresnick, Judge.

Legon Fodiman and Todd R. Legon and Jeffrey A. Sudduth, for appellant.

Cole Scott & Kissane and Jennifer V. Ruiz, for appellees Joel August, Jack Siegal, Mwafak Peress, and Norman Schreiber.

Before SHEPHERD, LAGOA and EMAS, JJ.

EMAS, J.

We affirm the trial court's final judgment awarding attorney's fees to appellees as "prevailing parties" pursuant to section 718.303(1),[1] Florida Statutes (2008), following appellant's voluntary dismissal without prejudice. The trial court properly followed Thornber v. City of Fort Walton Beach, 568 So. 2d 914 (Fla. 1990), which established, as a general rule, that "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." Id. at 919 (citing Stuart Plaza, Ltd. v. Atlantic Coast Dev. Corp., 493 So. 2d 1136 (Fla. 4th DCA 1986)).

In announcing the general rule, the Thornber Court did not exempt from its scope voluntary dismissals without prejudice. The general rule of Thornber has

---

[1] That statute under which the Directors claim entitlement to fees provides in pertinent part:

> (1) Each unit owner, each tenant and other invitee, and each association is governed by, and must comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws which shall be deemed expressly incorporated into any lease of a unit. Actions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:
> (a) The association.
> (b) A unit owner.
> (c) Directors designated by the developer, for actions taken by them before control of the association is assumed by unit owners other than the developer.
> (d) Any director who willfully and knowingly fails to comply with these provisions.
> (e) Any tenant leasing a unit, and any other invitee occupying a unit.
>
> The prevailing party in any such action or in any action … is entitled to recover reasonable attorney's fees.

properly been applied to confer prevailing party status where the voluntary dismissal was without prejudice, even if the plaintiff later refiles the same suit. See, e.g., State ex rel. Marsh v. Doran, 958 So. 2d 1082 (Fla. 1st DCA 2007); Alhambra Homeowners Ass'n v. Asad, 943 So. 2d 316 (Fla. 4th DCA 2006). There are undoubtedly cases in which the general rule may be inapplicable to a particular set of circumstances, and one might logically argue those circumstances are more likely to be found where the voluntary dismissal was without prejudice rather than with prejudice. However, there is nothing in the record below to support the position, urged by appellant, that the general rule of Thornber was inapplicable to the particular circumstances of the instant case. To the contrary, the facts of the instant case are, in relevant respect, nearly identical to those in Asad, in which the Fourth District held that a voluntary dismissal without prejudice "[i]n the face of a likely adverse ruling on [defendants'] motion for summary judgment" conferred prevailing party status upon defendants in the context of a similar statutory prevailing party fee provision. Asad, 943 So. 2d at 319.

Moreover, although appellant urges us to reverse and remand because the trial court failed to conduct an evidentiary hearing before ruling, appellant took a contrary position in the trial court, urging the trial court that such a hearing was not necessary. A party cannot invite certain action by the trial court only to assert on

3

appeal that the trial court's action was erroneous. <u>Gupton v. Village Key & Saw Shop, Inc.</u>, 656 So. 2d 475 (Fla. 1995); <u>Pope v. State</u>, 441 So. 2d 1073 (Fla. 1983). "One who has contributed to alleged error will not be heard to complain on appeal." <u>Behar v. Southeast Banks Trust Co., N.A.</u>, 374 So. 2d 572, 575 (Fla. 3d DCA 1979). In doing so, appellant has waived this issue on appeal and we therefore do not reach the merits of that claim.

Affirmed.