# Third District Court of Appeal
## State of Florida

Opinion filed January 12, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-369
Lower Tribunal Nos. 19-SC-131 & 20-10 AP

_____

## Catamaran B.Y., Inc.,
Appellant,

vs.

## Deren Giordano,
Appellee.

An Appeal from the County Court for Monroe County, Sharon I. Hamilton, Judge.

Robert E. Turffs, P.A., and Robert E. Turffs (Sarasota), for appellant.

Ovadia Law Group, P.A., and Chris Kasper (Boca Raton); Michael A. Stewart (West Palm Beach), for appellee.

Before EMAS, LOGUE, and GORDO, JJ.

LOGUE, J.

Catamaran B.Y., Inc. appeals the trial court's order denying its motion for attorney's fees as the prevailing party after Deren Giordano voluntarily dismissed the case below. Because a voluntary dismissal, while not an adjudication on the merits, generally entitles a defendant to attorney's fees as the prevailing party, we reverse and remand for the trial court to determine a reasonable fee award.

**Factual and Procedural Background**

The underlying dispute is not particularly relevant to this appeal. Suffice it to say, a dispute arose over fees charged for the storage and repair of Giordano's boat at the Catamaran Boat Yard in Key Largo. The dispute seemingly turned violent, and police were called. The owner of Catamaran then banned Giordano from the property, forcing Giordano, who lived on his boat, to obtain accommodations at a hotel. Because Giordano was unable to enter the property to retrieve his boat, the boat remained on the property and accrued additional overnight storage fees. After four days, Giordano hired a boat captain to enter the property and retrieve the vessel. Giordano then sued Catamaran to recover damages related to his hotel stay and extended overnight storage fees. Seven months after filing his complaint, Giordano filed a notice of voluntary dismissal without prejudice. The trial court dismissed the case.

After the complaint was voluntarily dismissed, Catamaran moved for its reasonable attorney's fees as the prevailing party pursuant to a valid contractual provision. Giordano opposed the motion for fees arguing that Catamaran was not the prevailing party because the voluntary dismissal did not act as an adjudication on the merits. Giordano claimed that he had dismissed the case because of irreconcilable differences with his attorney, and therefore, the dismissal was unrelated to the merits of the case. The trial court denied the motion for fees finding that Catamaran was not the prevailing party and the voluntary dismissal did not operate as an adjudication on the merits. Catamaran timely appealed.

**Analysis**

The standard of review on the issue of entitlement to prevailing party attorney's fees is abuse of discretion. Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co. of Fla., 97 So. 3d 204, 213 (Fla. 2012).

In Moritz v. Hoyt Enterprises, Inc., 604 So. 2d 807, 810 (Fla. 1992), the Florida Supreme Court declared that "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." The Court explained that "the fairest test to determine who is the prevailing party is to allow the trial judge to determine

from the record which party has in fact prevailed on the significant issues tried before the court." Id.

The general rule in Florida is that "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." Thornber v. City of Fort Walton Beach, 568 So. 2d 914, 919 (Fla. 1990). "It is not necessary for there to be an adjudication on the merits in order to be entitled to fees as a prevailing party." Valcarcel v. Chase Bank USA NA, 54 So. 3d 989, 990 (Fla. 4th DCA 2010). Therefore, in basing its determination that Catamaran was not the prevailing party on its failure to achieve an adjudication on the merits, the trial court erred by applying the wrong legal test. The proper test is whether Catamaran "in fact prevailed on the significant issues tried before the court." Moritz, 604 So. 2d at 810. Giordano sued Catamaran for damages and failed to recover, therefore, Catamaran is the prevailing party.

Giordano asserts that Florida courts routinely acknowledge that the Thornber "rule does not apply without exception and that a court may look behind a voluntary dismissal at the facts of the litigation to determine if a party has prevailed." Residents for a Better Cmty. v. WCI Cmtys., Inc., 291 So. 3d 632, 634 (Fla. 2d DCA 2020); see also Kelly v. BankUnited, FSB, 159 So. 3d 403, 406 (Fla. 4th DCA 2015) (recognizing that "strictly apply[ing] the general rule [of Thornber] . . . would elevate form over substance and lead

4

to a result contrary to the purpose of" fee-shifting provisions). In other words, "courts must look to the substance of litigation outcomes—not just procedural maneuvers—in determining the issue of which party has prevailed in an action." Residents, 291 So. 3d at 634 (quoting Tubbs v. Mechanik Nuccio Hearne & Wester, P.A., 125 So. 3d 1034, 1040 (Fla. 2d DCA 2013)).

In Residents, a group of community homeowners voluntarily dismissed its suit when the homeowner's association became involved in the litigation asserting the same claims as the group. Id. This essentially mooted the group's claims, however, as the Second District noted, it did not result in the defendant "achiev[ing] its objective of making the litigation go away as a result of the dismissal—the same claims remained pending against [the defendant]." Id.; see also Tubbs, 125 So. 3d at 1041–42 (holding that defendant was not the prevailing party in a foreclosure case where the plaintiff voluntarily dismissed its claims after a third party successfully foreclosed on its superior mortgage lien); Kelly, 159 So. 3d at 407 (holding that "in a situation *where both* [parties] *compromised* in effectively agreeing to a settlement to end their litigation, we will not hold [one party] responsible for payment of [the other party]'s attorneys' fees"). Giordano does not assert either that his claims against Catamaran became moot or that the parties

5

stipulated to a dismissal pursuant to a settlement, therefore these exceptions to the general rule do not apply.[1]

Applying the general <u>Thornber</u> rule—with those limited exceptions discussed in the <u>Residents</u>/<u>Tubbs</u>/<u>Kelly</u> line of cases—we therefore conclude that Catamaran is the prevailing party and is entitled to its reasonable attorney's fees.

Reversed and remanded with instructions.

---

[1] We distinguish on their facts the cases of <u>Simmons v. Schimmel</u>, 476 So. 2d 1342 (Fla. 3d DCA 1985), and <u>Englander v. St. Francis Hospital, Inc.</u>, 506 So. 2d 423 (Fla. 3d DCA 1987) (en banc). Without reaching the issue, because it is unnecessary for us to do so, we note that our sister courts have rejected attempts to extend the holdings in these cases beyond the medical malpractice statute discussed in each case. <u>See</u> <u>Alhambra Homeowners Ass'n v. Asad</u>, 943 So. 2d 316, 320–21 (Fla. 4th DCA 2006); <u>Dam v. Heart of Fla. Hosp., Inc.</u>, 536 So. 2d 1177, 1178 (Fla. 2d DCA 1989); <u>Vidibor v. Adams</u>, 509 So. 2d 973, 974 (Fla. 5th DCA 1987).