GERBER, J.
 

 The circuit court entered final judgments pursuant to the Interstate Land Sales Act (“ILSA”), 15 U.S.C. § 1701 et seq. (2007), allowing the appellee purchasers to rescind their contracts to purchase
 
 *1213
 
 homes from the sellers. The court reasoned that the contracts, identical other than price, limited the purchasers’ remedy of specific performance by requiring the purchasers to perform two conditions precedent before suing for specific performance. We agree with the court and affirm.
 

 The purchasers’ amended complaint alleged that they were entitled to rescission pursuant to ILSA. Specifically, the purchasers cited 15 U.S.C. § 1703(c) (2007), which provides that a purchaser may revoke a contract if the seller did not give the purchaser a property report in advance of signing the contract. The purchasers also sought to recover their deposits with accrued interest.
 

 In response, the sellers alleged that the contract was exempt from ILSA’s requirements. Specifically, the sellers cited 15 U.S.C. § 1702(a)(2) (2007), which provides that ILSA shall not apply to the sale of land under a contract obligating a seller to erect a building thereon within two years. According to the sellers, the contract qualified for this exemption because, under paragraph 6 of the contract, the sellers unconditionally agreed to construct the homes within two years.
 

 In reply, the purchasers alleged that the contract did not qualify for the two-year exemption. Specifically, the purchasers cited
 
 Samara Development Corp. v. Marlow,
 
 556 So.2d 1097 (Fla.1990), which holds that “in order for the developer to be ‘obligated’ to complete the building within two years, the obligation must be unrestricted and
 
 the contract must not limit the purchaser’s right to seek specific performance or damages.” Id.
 
 at 1100 (emphasis added). The purchasers primarily argued that this contract, at paragraph 15, limited their remedy of specific performance. Paragraph 15 provides:
 

 In the event SELLER shall fail to perform any of its obligation^] hereunder, PURCHASER ... at PURCHASER’S option may have the right to specifically enforce this Agreement, if PURCHASER has sent the Proper Notice including: (1) If SELLER states that SELLER’S default is related to the actual physical construction of the Residence then the Proper Notice
 
 must be accompanied by a certificate of either an Architect or Engineer licensed in the State of Florida stating with specificity SELLER’S default,
 
 (2) If the default is other than a physical construction default then the notice
 
 must be accompanied by an Attorney’s opinion addressed to SELLER stating with specificity SELLER’S default.
 
 If PURCHASER complies with provisions (1) and (2) above relating to Proper Notice and
 
 deposits the Total Purchase Price in escrow ...
 
 then PURCHASER shall move to have SELLER specifically enforce this Agreement.
 

 (emphasis added). According to the purchasers, the above-italicized clauses of paragraph 15 limited their remedy of specific performance by: (1) requiring them to give the sellers the certificate of an architect, engineer, or attorney stating with specificity the sellers’ default; and (2) requiring them to deposit the total purchase price in escrow. The purchasers contended that the remedy of specific performance does not require a purchaser to perform those conditions before pursuing that remedy.
 

 In response, the sellers argued that paragraph 15 does not limit the purchasers’ remedy of specific performance because it does not address what happens if the purchasers do not perform those conditions. In other words, according to the sellers, paragraph 15 does not state that the purchasers
 
 cannot
 
 sue for specific performance
 
 unless
 
 they perform those conditions. Thus, the sellers contended that
 
 *1214
 
 because the contract did not clearly and unequivocally limit the remedy of specific performance, the purchasers still possessed that remedy. In support, the sellers cited, among other cases,
 
 Coastal Computer Corp. v. Team Management Systems, Inc.,
 
 624 So.2d 352, 353 (Fla. 2d DCA 1993) (“In the absence of an exclusive, stipulated remedy, a party may elect to pursue any remedy that the law affords.”), and
 
 Marco Bay Associates v. Vandewalle,
 
 472 So.2d 472, 475 (Fla. 2d DCA 1985) (contract did not negate or exclude the purchaser from seeking damages or specific performance where the contract specifically provided the purchaser the right of rescission in the event the sellers defaulted, but did not limit the purchaser’s right to seek damages or specific performance).
 

 After a non-jury trial, the circuit court found for the purchasers. In its order following the trial, the court reasoned that “[a] plain reading of [paragraph 15] results in the conclusion that the contract requires, prior to suit for specific performance, (1) that various certifications be furnished to [the sellers], and further, (2) that the total purchase price be placed in escrow.” Addressing the sellers’ citation to cases which the court characterized as holding that “if the contract is silent as to specific performance, the right exists,” the court responded, “This contract is not silent.” The court explained:
 

 [T]his contract addresses the issue of specific performance and places unreasonable, invalid and unenforceable restrictions on same. By purporting to address the right, the sellers plainly impinged upon the exercise of the right. This provision directly and indirectly impinges on the [purchasers’] right to specific performance.
 

 Based on that finding, the court concluded that the contract was not exempt from ILSA’s requirements. The court entered a final judgment ordering that the purchasers (except appellee Assulin, for reasons not material to this opinion) shall recover from the sellers the deposits plus prejudgment interest thereon accruing from the date the purchasers demanded the return of their deposit.
 

 The sellers filed a motion for rehearing. According to the sellers, the court’s finding that the contract placed “invalid and unenforceable” restrictions on the remedy of specific performance should have resulted in a judgment for the sellers under the contract’s “savings clause.” That clause, found in paragraph 19(h) of the contract, provides:
 

 If any term or provision of this [contract] shall to any extent be determined by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this [contract] shall be valid and enforceable....
 

 The sellers argued that severing from the contract the “invalid and unenforceable” restrictions on the remedy of specific performance would leave no language in the contract restricting the remedy of specific performance. Therefore, according to the sellers, the contract would be exempt from ILSA’s requirements and the sellers would be the prevailing party. The court denied the sellers’ motion for rehearing without comment.
 

 The sellers then filed this appeal. The sellers do not take issue with the circuit court’s conclusion that requiring the purchasers to place the entire purchase price in escrow, along with providing notice of the nature of the sellers’ default, would place such an undue burden on the remedy of specific performance that it negated that remedy. However, the sellers contest the court’s conclusion that the contract
 
 required
 
 the purchasers to do those things in order to bring a specific performance
 
 *1215
 
 claim. In support of its position, the sellers raise three arguments. We will address each argument in turn, applying de novo review.
 
 See Chipman v. Chipman,
 
 975 So.2d 603, 607 (Fla. 4th DCA 2008) (“The trial court’s interpretation of a contract is a matter of law subject to a de novo standard of review.”).
 

 First, the sellers argue that paragraph 15 does not expressly provide that its condition-based remedy of specific performance constitutes the purchasers’ “sole and exclusive remedy.” In support, the sellers cite that portion of paragraph 15 addressing the sellers’ remedies if the purchasers defaulted. Paragraph 15 states that, if the purchasers defaulted, the seller’s remedy was to retain the purchasers’ deposit. Paragraph 15 then states that this remedy constitutes the sellers’ “sole and exclusive remedy.” In contrast, paragraph 15’s reference to the purchasers’ remedies if the sellers defaulted contains no reference to those remedies being the purchasers’ “sole and exclusive remedy.”
 

 We find that the plain language of paragraph 15 refutes the sellers’ reasoning. Paragraph 15 provides only one remedy to the sellers if the purchasers defaulted— terminate the contract and retain or obtain all of the purchasers’ deposits. Hence, paragraph 15 logically described that remedy as the sellers’ “sole and exclusive remedy.” In contrast, paragraph 15 provides
 
 two
 
 distinct remedies to the purchasers if the sellers defaulted: (1) “return of the [purchasers’] deposits, together with interest thereon”; or (2) “the right to specifically enforce this [contract].” Because the purchasers had two remedies, the singular phrase “sole and exclusive remedy” logically would not have applied.
 

 Second, the sellers argue that paragraph 15’s reference to a condition-based remedy of specific performance did not expressly negate the common law remedy of specific performance. In support, the sellers again rely on
 
 Coastal Computer, Marco Bay,
 
 and other cases for the proposition that, for a contract to remove an otherwise available remedy, the contract must clearly and unequivocally negate that remedy. According to the sellers, because paragraph 15 did not expressly negate the common law remedy of specific performance, the purchasers still may pursue that remedy.
 

 We reject this argument. The sellers apparently want the law to recognize two distinct remedies of specific performance— a “contractual remedy of specific performance” and the “common law remedy of specific performance.” However, we are aware of cases recognizing only the common law equitable remedy of specific performance.
 
 See, e.g., Invego Auto Parts, Inc. v. Rodriguez,
 
 84 So.3d 103, 104 (Fla. 3d DCA 2010) (“A decree of specific performance is an equitable remedy granted at the discretion of the trial court.”). The fact that parties, like the sellers and purchasers here, refer to the common law remedy of specific performance in their contracts does not thereby create a distinct and individualized “contractual remedy of specific performance” separate from the common law remedy.
 

 Third, the sellers repeat the argument which they made to the circuit court that paragraph 15 does not limit the purchasers’ remedy of specific performance because it does not address what happens if the purchasers do not perform the enumerated conditions. In other words, according to the sellers, paragraph 15 does not state that the purchasers
 
 cannot
 
 sue for specific performance
 
 unless
 
 they perform those conditions.
 

 We find this argument unconvincing as well. As the circuit court found, a plain reading of paragraph 15 clearly and un
 
 *1216
 
 equivocally requires the purchasers to perforin the enumerated conditions before suing for specific performance. To the extent the sellers’ argument at best raises an ambiguity in paragraph 15, the resolution of that ambiguity is construed against the sellers as the drafters of the contract.
 
 See NRD Invs., Inc. v. Velazquez,
 
 976 So.2d 1, 4 (Fla. 3d DCA 2007) (“There is a general preference in Florida to interpret contractual ambiguities against the drafter.”) (citing
 
 City of Homestead v. Johnson,
 
 760 So.2d 80, 84 (Fla.2000) (other citations omitted)).
 

 In addition to the three arguments addressed above, the sellers alternatively argue that, if the contract could be properly interpreted to limit the remedy of specific performance, the circuit court erred in refusing to apply the savings clause found in paragraph 19(h) of the contract. Similar to their motion for rehearing, the sellers argue that, because the court found that the contract placed “invalid and unenforceable” restrictions on the remedy of specific performance, the court should have applied the savings clause to disregard those offending restrictions in order to preserve the contract.
 

 We conclude that the circuit court was correct in not applying the savings clause. However, we reach that conclusion based on a finding different from that which the circuit court made.
 
 See Dade County Sch. Bd. v. Radio Station WQBA,
 
 781 So.2d 638, 644 (Fla.1999) (“[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.”). Specifically, we disagree with the circuit court’s finding that the contract placed “invalid and unenforceable” restrictions on the remedy of specific performance. It is true that the common law does not require purchasers seeking specific performance to deposit the total purchase price in escrow or provide a professional’s certificate stating with specificity the sellers’ default.
 
 See Taylor v. Richards,
 
 971 So.2d 127, 129-30 (Fla. 4th DCA 2007) (setting forth the elements which a purchaser must allege and prove to obtain specific performance). However, just because the common law does not require purchasers to perform those conditions does not mean that purchasers and sellers cannot freely negotiate to include such conditions in their contracts.
 
 See Dows v. Nike, Inc.,
 
 846 So.2d 595, 601 (Fla. 4th DCA 2003) (“A fundamental tenet of contract law is that parties are free to contract, even when one side negotiates a harsh bargain.”) (citation omitted). Here, the only effect of including the enumerated conditions in the contract was to disqualify the contract as being exempt from ILSA’s requirements. The conditions themselves, though perhaps onerous, are still valid and enforceable. Therefore, the savings clause does not apply.
 

 We briefly address the purchasers’ two arguments on cross-appeal. The first argument challenges the circuit court’s denial of an alternative basis for rescission. That argument is moot because of our rejection of the sellers’ claims on appeal. The second argument challenges the court’s calculation of prejudgment interest from the date the purchasers demanded rescission. The purchasers argue that the court should have calculated prejudgment interest from the date the purchasers paid their deposit. The sellers correctly concede error on this point.
 
 See Leon v. W. Collier Props., Inc.,
 
 575 So.2d 1316, 1317 (Fla. 2d DCA 1991) (plaintiff was entitled to prejudgment interest from the date of loss which should have been calculated from “when he made the first payment under the agreement for deed to purchase”). Therefore, we remand for correction of the final judgments only as to the
 
 *1217
 
 proper calculation of the prejudgment interest.
 

 Affirmed in part, reversed in part, and remanded for correction of the final judgments.
 

 HAZOURI, J., and KELLEY, GLENN D., Associate Judge, concur.