FARMER, J.
 

 We reverse the trial court’s denial of prevailing party attorneys fees under the contract between the parties. The contract provided that “the prevailing party in any action shall be entitled to reasonable attorney’s fees.”
 

 The Condominium Association hired Ze-vuloni & Associates as a public insurance adjuster to handle its claim for benefits under a casualty insurance policy. The contract for adjustment provided for a fee of 10% of the proceeds recovered by the Association. There has never been any recovery of insurance benefits by the Asso-
 
 *688
 
 eiation. Nevertheless the public adjuster sued the Association for its fee. Its suit was dismissed for failure to state a cause of action for breach of the fee agreement, without prejudice to refile when a fee became due. While the public adjuster’s motion for rehearing of that decision was still pending, the Association moved for attorneys fees under the contract. The trial court denied the motion for fees finding neither party to be the prevailing party.
 

 The adjuster’s suit for fees without any recovery by the insured Association was meritless and was properly dismissed. The Association was undeniably the prevailing party in that action.
 

 We review the interpretation of contractual provisions de novo as a pure matter of law.
 
 Stevens v. Zakrzewski,
 
 826 So.2d 520, 521 (Fla. 4th DCA 2002). Courts have no discretion to decline to enforce this kind of contractual attorneys fees provision.
 
 Rose v. Rose,
 
 615 So.2d 203, 204 (Fla. 4th DCA 1993) (where contract provides for attorneys fees to prevailing party in litigation arising out of contract trial judge has no discretion to decline to enforce the contractual provision). When one party loses in an action for breach of contract, the adverse party is the prevailing party.
 
 Scutti v. Daniel E. Adache & Assoc. Arch. P.A.,
 
 515 So.2d 1023, 1024 (Fla. 4th DCA 1987). The public adjuster’s suit for a fee under the contract was manifestly “any action” as that term was used in the attorneys fee provision of the contract. The trial judge had no choice but to grant the motion for fees and proceed to fix the amount of a reasonable fee.
 

 Reversed.
 

 WARNER and POLEN, JJ., concur.