## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2012

No. 11-60300
Summary Calendar

Lyle W. Cayce
Clerk

J.G.T., INCORPORATED,

Plaintiff-Appellant

v.

ASHBRITT, INCORPORATED; FEDERAL INSURANCE COMPANY,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:09-CV-00380

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant J.G.T., Inc., ("J.G.T.") sued Defendants-Appellees Ashbritt, Inc., and Federal Insurance Co. (collectively, "Ashbritt") for breach of contract. The district court, finding J.G.T.'s corporate status suspended at the time the complaint was filed, granted Ashbritt's motion for summary judgment and dismissed the action without prejudice. The district court also awarded attorney's fees to Ashbritt. J.G.T. now appeals the fee award. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60300

The parties' contract provided the basis for fee shifting: "In any dispute, the prevailing part [sic] shall be entitled to an award of reasonable attorney's fees . . . ." J.G.T. alleged that, because there had been no adjudication on the merits, Ashbritt could not be a "prevailing party" under the contract. The district court responded that, under Florida law, adjudication on the merits is not a precondition to prevailing party status, and entered an order granting Ashbritt $58,826.16 in fees and costs. *See Prescott v. Anthony*, 803 So. 2d 835, 836 (Fla. 2d Dist. Ct. App. 2001) ("The general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party."). On appeal, J.G.T. attempts to distinguish *Prescott* on the grounds that the dismissal in the instant case was involuntary rather than voluntary. For the following reasons, this distinction does not undermine the district court's conclusion.

Although Ashbritt does not direct us to precedent holding precisely that grant of summary judgment and involuntary dismissal without prejudice results in "prevailing party" status under a contract, Florida case law compels this conclusion. First, the district court's conclusion is well-settled that adjudication on the merits is not necessary for "prevailing party" status. *See, e.g.*, *Alhambra Homeowners Ass'n, Inc. v. Asad*, 943 So. 2d 316, 318 (Fla. 4th Dist. Ct. App. 2006) ("The general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the 'prevailing party' within the meaning of statutory or contractual provisions awarding attorney's fees to the 'prevailing party' in litigation."). Second, Florida courts grant "prevailing party" status based on various other types of involuntary dismissals. *See Baratta v. Valley Oak Homeowners Ass'n*, 891 So. 2d 1063, 1064-65 (Fla. 2d Dist. Ct. App. 2004) (dismissal for failure to prosecute); *Mardan Kitchen Cabinets, Inc. v. Bruns*, 312 So. 2d 769, 770 (Fla. 3d Dist. Ct. App. 1975) (dismissal for lack of jurisdiction); *Point East Four Condominium Corp., Inc. v. Zevuloni & Assocs., Inc.*, 50 So. 3d 687, 688 (Fla. 4th Dist. Ct. App. 2010) (dismissal for failure to state a claim);

2

No. 11-60300

*Valcarel v. Chase Bank USA NA*, 54 So. 3d 989, 991 (Fla. 4th Dist. Ct. App. 2010) (dismissal for attorney misconduct).  Lastly, Florida courts do not distinguish on the basis of voluntariness where fee shifting is statutory. *Nudel v. Flagstar Bank, FSB*, 60 So. 3d 1163, 1165 (Fla. 4th Dist. Ct. App. 2011) ("For the purpose of determining a 'prevailing party' under section 57.105(7), we see no reason to distinguish between a voluntary dismissal without prejudice and a court's involuntary dismissal without prejudice.").

The district court was correct to award fees to Ashbritt as a "prevailing party."  Its judgment is AFFIRMED.