NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ERHM ORTHOPEDICS, INC., a Florida   )
corporation,   )
   )
        Appellant,   )
   )
v.   )   Case No. 2D18-924
   )
TODD EDWARDS, an individual,   )
   )
        Appellee.   )
_____)

Opinion filed January 4, 2019.

Appeal from the Circuit Court for
Hillsborough County; Steven Scott
Stephens, Judge.

Frederick J. Mills and Ryan T. Quigley of
Morrison and Mills, P.A., Tampa, for
Appellant.

John D. Mullen of Phelps Dunbar LLP,
Tampa, for Appellee.

SILBERMAN, Judge.

In this action dealing with an employment agreement, ERHM Orthopedics,

Inc. (ERHM), appeals a final order determining that there was no prevailing party and

that ERHM is not entitled to attorney's fees. Because ERHM prevailed on the significant

issues before the court and received an affirmative judgment in its favor in the form of a

permanent injunction, ERHM is the prevailing party. Thus, we reverse the order denying attorney's fees and remand for further proceedings. Although ERHM makes its argument in three separate issues, this case turns on the fact that under any measure ERHM is the prevailing party.

ERHM sells orthopedic products to surgeons in multiple counties in Florida. Todd Edwards entered into an employment agreement with ERHM in 2012. The employment agreement contains a covenant not to compete within those counties and a covenant not to solicit ERHM's customers for two years. The agreement also contains an attorney's fees provision that provides for an award of fees to the prevailing party. Edwards resigned in 2016. He now works for Orthopedic Resources of Florida, Inc., a direct competitor of ERHM that sells orthopedic products to surgeons in the same geographic market. ERHM filed suit against Edwards and obtained a temporary injunction.

The temporary injunction states that it is undisputed that Edwards went to work for a competitor and that Edwards' "post-hearing memorandum characterizes his role with the new company as a 'commissioned sales representative.' " The trial court rejected Edwards' argument that ERHM had no legitimate business interest in preventing solicitation of ERHM's customers. The trial court enjoined Edwards from working for any company that competes with ERHM within the restricted territory for two years, except that the trial court tailored the injunction to allow Edwards to work for his current employer in a limited capacity of "post-sale surgical 'case coverage.' " Significantly, Edwards was prohibited from soliciting new accounts or "new business on his new employer's existing accounts." Edwards was also prohibited from having

contact with any of the doctors that ERHM marketed products to during the one-year period prior to Edwards' departure from ERHM. The trial court recognized in the temporary injunction that "case coverage is an important post-sale service" that assists the new employer's "ability to satisfy its existing customers"; however, "the real money of a commissioned sales representative is obviously derived from the solicitation of new accounts."

On direct appeal, this court per curiam affirmed the temporary injunction. See Edwards v. ERHM Orthopedics, Inc., 229 So. 3d 1229 (Fla. 2d DCA 2017). The parties thereafter stipulated to the entry of a Consent Final Judgment and Permanent Injunction that the trial court entered which enjoined the same activity as in the temporary injunction. In the stipulation, Edwards waived his right to appeal the final judgment. The trial court then held a hearing on ERHM's motion for attorney's fees. The trial court determined that there was no prevailing party and that ERHM was not entitled to an award of attorney's fees under the employment agreement. ERHM now appeals from that order.

To the extent that our determination involves an interpretation of the parties' contract, our review is de novo. Tubbs v. Mechanik Nuccio Hearne & Wester, P.A., 125 So. 3d 1034, 1039 (Fla. 2d DCA 2013). But generally our review of a trial court's determination of the prevailing party is for an abuse of discretion. Id. "[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." Id. at 1043 (alteration in original) (quoting Moritz v. Hoyt Enters., Inc., 604 So. 2d 807, 810 (Fla. 1992)). A trial court's determination of the prevailing party depends on whether that party was successful "on

any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Trytek v. Gale Indus., Inc., 3 So. 3d 1194, 1200 (Fla. 2009) (quoting Moritz, 604 So. 2d at 809-10). In some cases, it may be justified to determine that there is no prevailing party, such as when the effect is "an unjust reward to a party whose conduct caused the failure of the contract." KCIN, Inc. v. Canpro Invs., Ltd., 675 So. 2d 222, 223 (Fla. 2d DCA 1996). But "[p]revailing party attorney's fees are just and proper in the majority of contract litigation." Id.

ERHM's conduct did not cause the failure of the parties' employment agreement. Instead, Edwards resigned and went to work for a competitor in violation of the agreement. The trial court stated that it was examining the economic interests that were at stake and looked to the Trytek decision which applied a "flexible rule" to "achieve an equitable result" in determining the prevailing party. 3 So. 3d at 1202. Trytek dealt with a construction lien where the contractor received a net judgment of $1525 after a set off of damages awarded on the homeowner's counterclaim. Id. at 1197. The supreme court concluded as follows:

> [A] trial court has the discretion to make a determination that neither party has prevailed on the significant issues in litigation after a thorough examination of all the factors, including the issues litigated, the amount of the claim of lien versus the amount recovered on the lien, the existence of setoffs and counterclaims by the homeowner, and the amounts offered by either party to resolve the issues prior to the litigation, assuming that those negotiations were not otherwise confidential either by agreement or statute.

Id. at 1203.

Here, the trial court found that ERHM clearly prevailed on a significant issue in the litigation because ERHM received injunctive relief. But the trial court

- 4 -

recognized that it had narrowed the relief ERHM sought. The trial court also found that it had rejected Edwards' argument that "the contract had no legal effect because it was unsupported by a legitimate business interest." The trial court determined as follows:

> The court concludes that the plaintiff had a legitimate reason to bring the action, and that in its absence the self-restraint of the defendant may not have prevented the intrusion into plaintiff's legitimate business interests, so the defendant cannot be called the prevailing party (he has not argued for that status in any event). But because the statute worked as expected to deter the defendant from violating most of the plaintiff's legitimate business interests, and because the plaintiff argued consistently for a broader remedy tha[n] the court ultimately adopted, the court concludes there is no prevailing party in the resolution of the motion for temporary injunction.

In essence, the trial court found no prevailing party because the temporary injunction, as well as the permanent injunction, allows Edwards to engage in "post-sale surgical 'case coverage' " for the new employer. But Edwards is totally prohibited from sales by being enjoined from soliciting new accounts or "new business on his new employer's existing accounts." Edwards is also prohibited from having contact with any doctors that he had marketed products to during the one-year period prior to his departure from ERHM. Based on the circumstances here, the trial court abused its discretion in determining that there was no prevailing party. ERHM prevailed on the significant issues in the litigation and received injunctive relief for the time period requested and the geographic area requested.

Therefore, we reverse the order denying ERHM's motion for attorney's fees and remand for further proceedings.

Reversed and remanded.

VILLANTI and ROTHSTEIN-YOUAKIM, JJ., Concur.