DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FIRST FINANCIAL NORTHWEST, INC.,** as successor in interest to
**WOODSIDE CREDIT LLC,**
Appellant,

v.

**RICHARD CRAIG LAVER,**
Appellee.

No. 4D2024-0727

[March 5, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jaimie R. Goodman, Judge; L.T. Case No. 502022CA007606.

Wayne R. Atkins of Xander Law Group, P.A., Miami, for appellant.

No appearance for appellee.

ARTAU, J.

This is an appeal from a post-judgment final order denying an award of contractual prevailing party attorney's fees to First Financial Northwest, Inc. ("Lender"). Lender argues that the order on review must be reversed because a proper construction of the contract's fee-shifting provision required, rather than permitted, a prevailing party attorney's fees award. We agree and reverse.

**Background**

In 2021, Richard Craig Laver ("Purchaser") bought a 2019 Rolls-Royce Ghost from Karma of Palm Beach, Inc. ("Karma"). Karma's rights under the form retail sales installment contract Purchaser signed at the time of the transaction were immediately assigned to Woodside Credit, LLC ("Woodside"). Purchaser later defaulted on the contract's payment terms.

Woodside then sued Purchaser for breach of the contract and sought, as part of its damages, an award of reasonable attorney's fees. During the

litigation, the trial court substituted Lender for Woodside because Woodside had assigned the contract to Lender.

The contract upon which the breach of contract claim was based included the following provision pertinent to the request for attorney's fees:

> You [Purchaser] may have to pay collection costs. If we [Karma] hire an attorney to collect what you owe, you will pay the attorney's fees and court costs as the law allows. This includes any attorneys' fees we incur as a result of any bankruptcy proceeding brought by or against you under federal law.

(Emphasis removed).

The trial court ultimately entered judgment in Lender's favor on the breach of contract claim, awarding over $200,000 in damages and reserving jurisdiction to determine Lender's entitlement to an award of its reasonable attorney's fees. Lender filed a post-judgment motion asserting that the trial court's entry of judgment in Lender's favor on the breach of contract claim entitled Lender to an award of its reasonable attorney's fees pursuant to the contract's fee-shifting provision.

Following a non-evidentiary hearing, the trial court denied Lender's attorney's fees motion. The order denying the motion stated simply that the motion was "reviewed" and taken up at the hearing. The trial court did not explain in the order why it denied Lender's motion.

**Analysis**

"Generally, an order granting or denying attorney's fees and costs is reviewed [under] an abuse of discretion standard." *Tylinski v. Klein Auto., Inc.*, 90 So. 3d 870, 872 (Fla. 3d DCA 2012). However, "[w]here an attorney's fee award depends upon a trial court's interpretation of a contract," the question presented on review "is a matter of law subject to a de novo standard of review." *C.V.P. Cmty. Ctr., Inc. v. McCormick 105, LLC*, 302 So. 3d 905, 906 (Fla. 4th DCA 2020); *see also Point E. Four Condo. Corp. v. Zevuloni & Assocs., Inc.*, 50 So. 3d 687, 688 (Fla. 4th DCA 2010) ("We review the interpretation of contractual provisions de novo as a pure matter of law.").

In reviewing a trial court's interpretation of a contract's provisions, an appellate court is not "bound to give the trial judge's interpretation or construction of [the] contract any weighted presumption of correctness."

2

*Gilman Yacht Sales, Inc. v. FMB Invs., Inc.*, 766 So. 2d 294, 296 (Fla. 4th DCA 2000). Instead, we are required to consider "anew the meaning of the disputed contractual language" consistent with the de novo standard. *Id.*

Moreover, "[i]n interpreting a contract, 'it must be assumed that each clause has some purpose' and 'the court should interpret the contract in such a way as to give effect to every provision, unless such an interpretation distorts the plain meaning of the agreement.'" *Goff v. Kenney-Goff*, 145 So. 3d 928, 929-30 (Fla. 4th DCA 2014) (quoting *Sch. Bd. of Broward Cnty. v. Pierce Goodwin Alexander & Linville*, 137 So. 3d 1059, 1067 (Fla. 4th DCA 2014)); *see also Gilman Yacht Sales*, 766 So. 2d at 296 (noting that, in construing contract language, "where one or more provisions of a contract appear to be in conflict, those provisions should be harmonized and reconciled if it is possible to do so").

In addition, when reviewing the meaning of a contract, we should "attempt to give [the] words and phrases used" in the instrument their "natural meaning or that meaning most commonly understood when considered in reference to subject matter and circumstances." *Rupp Hotel Operating Co. v. Donn*, 29 So. 2d 441, 445 (Fla. 1947). However, any ambiguities in meaning when construing the language of a contract are "to be construed against the drafter" of the instrument. *City of Homestead v. Johnson*, 760 So. 2d 80, 84 (Fla. 2000); *see also, e.g., Kolter Signature Homes, Inc. v. Shenton*, 46 So. 3d 1211, 1216 (Fla. 4th DCA 2010) (ambiguities in contract language are to be construed against the drafter).

The question here is whether the contract's fee-shifting provision created a mandatory or permissive entitlement to attorney's fees and costs given its use of both "may" and "will" in describing Purchaser's duty to pay fees and costs pursuant to its terms. While acknowledging that "may" is associated with permissive language, Lender argues that "will" in the second sentence of the contract's fee-shifting provision makes an award of prevailing party attorney's fees mandatory in any action arising out of the contract. We agree.

"As is the case with statutory interpretation, the cardinal rule of contractual construction is that when the language of a contract is clear and unambiguous, the contract must be interpreted and enforced in accordance with its plain meaning." *Crapo v. Univ. Cove Partners, Ltd.*, 298 So. 3d 697, 700 (Fla. 1st DCA 2020). Here, the use of "may" in the first sentence of the contract's fee-shifting provision is not ambiguous when considered together with the second sentence's use of "will" to describe when Purchaser's mandatory obligation to pay Lender's attorney's fees and costs is triggered—that is, anytime Lender (or its

3

predecessors in this case) "hire[s] an attorney to collect what [Purchaser] owe[s]." *See, e.g., Animal Wrappers & Doggie Wrappers, Inc. v. Courtyard Distrib. Ctr., Inc.,* 73 So. 3d 354, 355 (Fla. 4th DCA 2011) ("Courts have no discretion to decline to enforce this kind of contractual attorney's fees provision." (quoting *Point E. Four,* 50 So. 3d at 688)); *Horowitz v. Jeffrey S. Raynor, P.A.,* 603 So. 2d 45, 45 (Fla. 4th DCA 1992) ("Since the contracts under which suit was brought expressly provided for the prevailing party to be awarded his attorney's fees, it was error to ignore the contractual provision.").

In other words, when read in context, the contract's fee-shifting provision's use of "may" in the first sentence simply indicates that Purchaser might be required to pay prevailing party attorney's fees in the event an attorney's services become necessary to collect from him what he owes under the contract. But, as the second sentence of the provision indicates, Purchaser's obligation to pay Lender's attorney's fees and costs became mandatory once these "collection costs" were incurred following Purchaser's payment default. Thus, "will," as used in the second sentence of the contract's fee-shifting provision, makes an award to Lender of its attorney's fees as the prevailing party in the action mandatory and not discretionary, notwithstanding the provision's prior use of "may."

**Conclusion**

Because the mandatory nature of the fee-shifting provision in the parties' contract must be enforced as written, we conclude that the trial court lacked any discretion to deny Lender's request for an award of prevailing party attorney's fees because it was required to give the term "will" in the second sentence its mandatory meaning in the context of the entire fee-shifting provision. Accordingly, we reverse the trial court's order denying Lender's motion for attorney's fees and remand for further proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

MAY and FORST, JJ., concur.

\*  \*  \*

**Not final until disposition of timely filed motion for rehearing.**

4