# Third District Court of Appeal

## State of Florida

Opinion filed January 21, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0292
Lower Tribunal No. 24-125230-CC-23
_____

**The Firm Law Group, Inc.,**
Appellant,

vs.

**Mireya Cordero, et al.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Gloria Gonzalez-Meyer, Judge.

DASA Law, and Elee Dammous and Jesus Santiago, for appellant.

Costa Law, PL, and Virginia M. Costa, for appellees.

Before SCALES, C.J., and GORDO and BOKOR, JJ.

SCALES, C.J.

In this interpleader action involving a failed residential real estate transaction, appellant The Firm Law Group, Inc. ("Escrow Agent") challenges the trial court's final summary judgment directing Escrow Agent to deliver to appellees Mireya Cordero and Yasmin Suarez (together "Buyers") their $15,000 escrow deposit, without payment of Escrow Agent's attorney's fees from the deposit amount. Because our *de novo* review of the summary judgment record[1] supports the trial court's determination that Buyers were entitled to summary judgment, we affirm.

The standard purchase and sale contract[2] between Buyers and Larry Rodriguez ("Seller") provided that the contract was contingent upon Buyers obtaining financing within thirty days of the agreement's effective date. The contract further required Escrow Agent to refund the escrow deposit to Buyers if, prior to the expiration of this thirty-day period, (1) Buyers were unable to obtain financing after the exercise of diligent effort, and (2) Buyers timely provided written notice to Seller of their inability to obtain financing

---

[1] See Fernandez v. Old Republic Nat'l Title Ins. Co., 406 So. 3d 299, 303 n.3 (Fla. 3d DCA 2025) (recognizing that orders granting summary judgment are subject to *de novo* review); Point E. Four Condo. Corp. v. Zevuloni & Assocs., Inc., 50 So. 3d 687, 688 (Fla. 4th DCA 2010) ("We review the interpretation of contractual provisions de novo as a pure matter of law.").

[2] The parties used an "As Is" Residential Contract for Sale and Purchase approved by the Florida Association of Realtors and the Florida Bar.

and their election to terminate the contract. The summary judgment record reflects that Buyers were unable to obtain financing within the thirty-day period and that Buyers timely provided the required written notice to Seller. Buyers, therefore, were entitled to the return of their $15,000 escrow deposit.

Nonetheless, Escrow Agent claims that it is still entitled to be paid its attorney's fees from the escrow deposit. On the particular facts and circumstances of this case, we disagree.

The contract authorized Escrow Agent to interplead funds, and have its attorney's fees paid from the escrow deposit, but only if there were competing demands for the deposit or Escrow Agent had a "good faith doubt" as to entitlement to the deposit. In response to Buyers' summary judgment motion and evidence, Escrow Agent's corporate representative filed an affidavit asserting, in a conclusory manner, that there was a "bonafide [sic] dispute" as to entitlement to the escrow deposit and that he had "received numerous emails, call and texts from the Seller, Buyer, Buyers' attorneys, and real estate agents involved in the transaction." Yet, Escrow Agent submitted no affidavits from Seller or the real estate agents involved in the transactions, no copies of any communications evidencing competing demands, and no other evidence that supported Escrow Agent's alleged

3

"good faith" in not honoring the contract's plain and unambiguous provisions governing return of the escrow deposit.

Escrow Agent's summary judgment evidence simply was not of sufficient weight and quality so as to create a genuine dispute as to any material fact. See Rich v. Narog, 366 So. 3d 1111, 1119-20 (Fla. 3d DCA 2022) (finding the non-moving party's conclusory, self-serving affidavit was legally insufficient to create a genuine dispute of material fact where (1) documents substantiating the affidavit's assertions were not appended to the affidavit, and (2) the affidavit failed to set forth the "'specific, discrete facts of the who, what, when, and where variety' that give the  . . . affidavit the type of probative value necessary to defeat [the moving party's] motion for summary judgment" (quoting Rhiner v. Sec'y, Fla. Dep't of Corr., 817 Fed. Appx. 769, 774 (11th Cir. 2020))). We, therefore, affirm the final summary judgment.

Affirmed.