DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TOM LAM and DEBORAH MURPHY LAM,

Appellants,

v.

MODERN TAMPA BAY HOMES, INC.,

Appellee.

No. 2D2025-1204

_____

April 8, 2026

Appeal from the Circuit Court for Pinellas County; Rebecca L. Hamilton, Judge.

James Patterson of Harder Law, Lutz, for Appellants.

Robert E. Biasotti and Brandon S. Vesely of The Florida Appellate Firm, P.A., St. Petersburg, for Appellee.

MORRIS, Judge.

Tom Lam and Deborah Murphy Lam appeal a final order denying their request to be designated the prevailing parties in the arbitration proceedings of their underlying breach of contract action against Modern Tampa Bay Homes, Inc. Because we conclude that the trial court erred by denying the Lams' request to be designated as the prevailing parties, we reverse.

BACKGROUND

The Lams originally brought an action for breach of contract, civil theft, fraudulent inducement, and a violation of the Florida Deceptive and Unfair Trade Practice Act. Modern Homes filed counterclaims for breach of contract and breach of implied covenant of good faith and fair dealing. The claims arose out of a construction contract dispute. Pursuant to the contract between the parties, the dispute went to arbitration where the arbitration panel determined that it only had jurisdiction over the causes of action related to the breach of contract claims; the other claims were dismissed without prejudice. The Lams then filed suit on their other claims which remain pending below. The arbitration panel ultimately determined that Modern Homes breached the contract but that the Lams did not breach the contract and did not breach any implied covenant of good faith and fair dealing. The arbitration panel denied Modern Homes' counterclaims. The Lams were awarded $139,404.69 in actual damages, significantly less than the $708,631.54 the Lams originally sought which included consequential damages.[1] The arbitration panel left the issue of attorneys' fees and costs and the determination of a prevailing party to the trial court.

The Lams filed an action to confirm the arbitration award. The trial court confirmed the award, but it did not address who was the prevailing party or attorneys' fees and costs. Thereafter, the Lams filed a motion to be designated the prevailing party for purposes of attorneys' fees and costs. Modern Homes filed a cross-motion. At the hearing on the motions, the trial court inquired with the Lams' counsel about the amount they originally sought as damages for the breach of contract.

---

[1] The contract contained a provision that precluded the ability of the Lams to recover consequential damages.

2

The Lams' counsel responded that they asked for $709,000 but noted they did not recover that amount due to the language of the contract. The trial court ultimately denied both motions, finding that neither party was the prevailing party. Regarding the Lams' motion, the trial court specifically found that the Lams recovered 18% of the approximately $709,000 they sought. The trial court found that case law did not support finding the Lams to be the prevailing party under such circumstances. The Lams filed a motion for reconsideration which was denied.

ANALYSIS

"We review the trial court's determination of the prevailing party for an abuse of discretion." *Hayward Baker, Inc. v. Westfield Ins. Co.*, 313 So. 3d 772, 774 (Fla. 2d DCA 2020) (citing *ERHM Orthopedics, Inc. v. Edwards*, 260 So. 3d 559, 561 (Fla. 2d DCA 2019)).

In *Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807, 810 (Fla. 1992), the Florida Supreme Court set forth the proper test for determining who is the prevailing party for purposes of awarding attorneys' fees. "[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney[s'] fees." *Id.* "A trial court's determination of the prevailing party depends on whether that party was successful 'on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit.' " *Hayward Baker, Inc.*, 313 So. 3d at 774 (quoting *ERHM Orthopedics, Inc.*, 260 So. 3d at 561); *see also Hardeman Landscape Nursery, Inc. v. Watkins*, 290 So. 3d 574, 576 (Fla. 2d DCA 2020).

Here, the trial court focused on the fact that the Lams recovered 18% of the amount of damages that they originally sought on the breach of contract claim, ultimately concluding that based on that fact, the

3

Lams could not be the prevailing party. But the Lams succeeded on the issue of liability arising from the causes of action related to breach of contract, and they "achieve[d] some of the benefit" they sought. *Hayward Baker, Inc.*, 313 So. 3d at 774 (quoting *ERHM Orthopedics, Inc.*, 260 So. 3d at 561). Absent a compelling circumstance not present in this case,[2] one party must prevail in a breach of contract action, *Hardeman Landscape Nursery, Inc.*, 290 So. 3d at 576, and the prevailing party is the party who wins on that claim while the adverse party is the nonprevailing party, *see, e.g.*, *Point E. Four Condo. Corp. v. Zevuloni & Assocs.*, 50 So. 3d 687, 688 (Fla. 4th DCA 2010). A party can be designated the prevailing party even where they recover no damages. *See Hardeman Landscape Nursery, Inc.*, 290 So. 3d at 576.

In this case, liability was contested with each party claiming the other breached the contract. The significant issue in the litigation was liability for breach of contract, not the amount of damages each party was seeking.[3] The Lams did not recover the entire amount of damages

---

[2] *See, e.g.*, *Hardeman Landscape Nursery, Inc.*, 290 So. 3d at 576 (explaining that one compelling circumstance is where neither party proves a breach of contract); *KCIN, Inc. v. Canpro Invs., Ltd.*, 675 So. 2d 222, 223 (Fla. 2d DCA 1996) (acknowledging that prevailing party fees are proper in most contract litigation but explaining that in that case, where the contract failed "as a result of fault by both contracting parties," the trial court correctly ruled there was no prevailing party for purposes of awarding attorneys' fees and costs).

[3] We distinguish *Lemartec Corp. v. East Coast Metal Structures Corp.*, 391 So. 3d 426, 435 (Fla. 4th DCA 2024), wherein the court determined that under the circumstances of *that* case, one party's recovery of an affirmative judgment did not mean they were entitled to be designated the prevailing party where they "did not come close to recovering the damages sought in the complaint." In that case, the amount of damages *was* a significant issue in the litigation. *Id.* at 434. And the party recovering an affirmative judgment "failed to prevail on

4

they were seeking because it included consequential damages, and the contract specifically precluded them from recovering such damages. But the limitation on the amount of damages they could recover did not negate the fact that they entirely prevailed on the issue of liability. The Lams won on their breach of contract claim; Modern Tampa Bay Homes did not. Thus the Lams were the prevailing parties on their breach of contract claim. And because the issue of liability arising from the causes of action related to breach of contract was the only issue decided in arbitration, the trial court abused its discretion by failing to designate them as the prevailing parties for purposes of awarding attorneys' fees and costs.

Reversed and remanded.


LaROSE, J., Concurs.
ATKINSON, J., Concurs in result only.

_____

Opinion subject to revision prior to official publication.

---

four out of five of its counts and only partially prevailed" on another. *Id.* Those are not the facts of this case.